UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NUR SHEIKH-ELMI,<br><br>                        Petitioner,<br>        v.<br>GARLAND, et al.,<br><br>                        Respondent. | Case No. 2:24-cv-01048-TMC-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for August 19, 2025 |

Petitioner Nur Sheikh-Elmi commenced this 28 U.S.C. § 2241 immigration habeas corpus action seeking release from detention when he was detained by the U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 1. Petitioner has been appointed counsel in this case. *See* Dkt. 5.

The petition asserts that although petitioner is subject to a final order of removal, there is no reasonable likelihood that his removal will take place in the reasonably foreseeable future; he asserts his detention has become "indefinite" under *Zadvydas v. Davis*, 533 U.S. 678 (2001). *Id.* Petitioner argues his continued detention violates 8 U.S.C. § 1231(a)(6) and his due process rights. *Id*. The Government has filed a return memorandum and motion to dismiss. Dkt. 7. The parties have also submitted additional briefing pursuant to this Court's orders that they do so. Dkts. 15, 24, 28.

On May 29, 2025, the Government filed a "notice of change in custody status" informing the Court that petitioner was removed to Somalia on May 23, 2025, and

REPORT AND RECOMMENDATION - 1

asserting that because he is no longer in immigration custody the case is rendered moot. *See*, Dkt. 41 (citing *Foster v. Carson*, 346 F.3d 742, 745 (9th Cir. 2003). On June 23, 2025, the Court issued an order to show cause directing petitioner's counsel to show cause why the action should not be dismissed as moot. Dkt. 43. On July 2, 2025, petitioner's counsel filed a response to the Court's order stating that:

> Counsel has confirmed that Mr. Sheikh-Elmi was deported to Kenya, and then by Kenyan authorities to Somalia. As Mr. Sheikh-Elmi is no longer confined in the United States, the Court should dismiss this action as moot.

Dkt. 44.

Under Article III of the U.S. Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007).

Here, petitioner's habeas petition seeks only release from immigration detention and does not appear to allege any collateral consequence that can be addressed by the Court. *See id.* at 1065. Furthermore, petitioner's counsel agrees the matter should be dismissed as moot.

Accordingly, the Court should dismiss the habeas corpus petition (Dkt. 1) as moot.[1] *See id.*; *Babak v. ICE FOD*, 20-cv-212-RSM-BAT, 2020 WL 1976798, at *1 (W.D. Wash. Mar. 31, 2020) *R&R adopted by* 2020 WL 1974335, at *1 (W.D. Wash.

---

[1] The Court notes that there appears to be some inconsistency in the record regarding whether petitioner was removed directly to Somalia or whether he was removed first to Kenya. However, petitioner's counsel does not argue, nor does it appear to the Court, that this affects the status of this case which is rendered moot by the fact that petitioner is no longer in immigration detention.

REPORT AND RECOMMENDATION - 2

Apr. 24, 2020) (dismissing habeas petition that challenged only length of immigration detention as moot after ICE released petitioner on supervision).

The Court recommends that petitioner's habeas corpus petition (Dkt. 1) should be DISMISSED without prejudice as moot. Respondent's pending motion to dismiss (Dkt. 7) should be DENIED as moot. A proposed order and proposed judgment accompany this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **August 19, 2025**, as noted in the caption.

Dated this 4th day of August, 2025.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3